RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/28/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-30053-03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JERROLD MARTIN | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a letter motion for reconsideration [Doc. No. 157] filed by Defendant Jerrold Martin ("Martin").

On July 24, 2008, this Court issued a Ruling and Second Amended Judgment [Doc. Nos. 144 & 145] in which it found that, under 18 U.S.C. § 3582(c)(2), the amendments to the United States Sentencing Guidelines for crack cocaine applied to Martin and that he should receive a reduction in his term of imprisonment. The Court then reduced Martin's term of imprisonment from 87 months to 70 months, the low end of the Guideline range.

On August 11, 2008, the Office of the Federal Public Defender, which was appointed to represent Martin, filed a timely Notice of Appeal [Doc. No. 146] on his behalf.[1] That appeal remains pending before the United States Court of Appeals for the Fifth Circuit.

Martin now files this letter motion for reconsideration and cites to the disparity between crack and powder cocaine sentences. He argues that the United States Department of Justice ("DOJ") has changed its policy on the sentencing of defendants in crack cocaine cases. Although

---

[1] Although the Court's Ruling and Second Amended Judgment was signed by the undersigned on July 24, 2008, and received by the Clerk of Court on that date, it was not docketed in the official record until July 29, 2008.

1

not pointed out by Martin, the Court was recently informed by the DOJ that its attorneys will no longer object if defendants in crack cocaine cases are sentenced to terms of imprisonment consistent with the Guideline range for powder cocaine offenses. Martin also states that the United States Sentencing Commission is again reviewing the Guideline ranges for crack cocaine.

The Court currently lacks jurisdiction to consider his motion. There is a final judgment in this case, and Martin's appeal remains pending before the Fifth Circuit. *Cf. United States v. Greenwood*, 974 F.2d 1449 (5th Cir. 1992) (A motion for reconsideration filed **during the time period for appeal** renders the judgment "non-final" until the motion has been ruled on by the district court.).

The Court has also considered whether Martin may contend that the DOJ's recent pronouncement is "newly discovered evidence," which would support his motion. *See United States v. Lopez*, 979 F.2d 1024 (5th Cir. 1992) (Under Federal Rule of Criminal Procedure 33, a defendant's motion for new trial is timely within two years after final judgment, but only if it is based on the ground of newly discovered evidence; in such a case, the trial court has jurisdiction to entertain the motion, either by denying it or by certifying to the appellate court its intention to grant the motion). However, Martin's argument does not constitute newly discovered evidence. At best, Martin is attempting to make a supplemental legal argument on his equal protection claim.

Finally, the Court notes that Martin is represented by counsel, and any motion should be filed by his counsel.

The Court is well aware of the DOJ's current position, but, even if this motion were timely and the Court had jurisdiction, the parameters of §3582(c)(2) would not permit the Court to reduce Martin's term of imprisonment based on this pronouncement alone. *See* 18 U.S.C. § 3582(c)(2) (When a sentencing range has been lowered by the Sentencing Commission, the district

court may reduce a previously imposed term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). At this time, the Guideline range for Martin's offense has not been lowered below the 70 months to which the Court reduced his term of imprisonment. Accordingly, for all of these reasons,

IT IS ORDERED that Martin's Motion for Reconsideration [Doc. No. 157] is DENIED.

MONROE, LOUISIANA, this 21 day of September, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE