RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/4/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-30053-03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JERROLD MARTIN | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is "Petitioner's Requested Motion to Reduce or Dismiss Petitioner's Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)" [Doc. No. 164] filed by Defendant Jerrold Martin ("Martin").

Martin was originally sentenced by this Court on August 20, 2007, to serve a term of imprisonment of 86 months to be followed by a term of supervised release of 4 years. However, on July 24, 2008, this Court issued a Ruling and Second Amended Judgment [Doc. Nos. 144 & 145] reducing Martin's term of imprisonment to 70 months pursuant to 18 U.S.C. § 3582(c)(2). No change was made to Martin's term of supervised release.

On August 11, 2008, the Office of the Federal Public Defender, which was appointed to represent Martin, filed a timely Notice of Appeal [Doc. No. 146] on his behalf to the United States Court of Appeals for the Fifth Circuit.

On September 14, 2009, Martin filed a letter motion for reconsideration on the basis of the disparity between crack and powder cocaine sentences. The Court denied Martin's motion on September 22, 2009, for lack of jurisdiction.

On February 5, 2010, the Fifth Circuit affirmed the Court's reduction of Martin's sentence under § 3582(c)(2).

Martin also filed a Petition for Writ of Certiorari to the United States Supreme Court.

However, on June 25, 2010, the Surpreme Court denied the writ.

Martin now files the instant motion. Martin alleges that he completed the Bureau of Prison's ("BOP") 500-hour drug treatment program, which provisionally qualified him for early release under 18 U.S.C. § 3621(e)(2)(B), but the BOP refused to place him in a halfway house or community corrections center ("ccc") four months after he completed the program. Martin was eventually placed in a ccc, but complains that he was wrongfully denied placement for five months. He contends that his claim is not moot because this Court can use the wrongful denial as a basis for reducing his term of supervised release.

To the extent that Martin complains that the BOP has failed to place him in a community corrections center prior to the completion of his term of imprisonment, he is attempting to initiate a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. However, a § 2241 petition must be filed in the district where the defendant is incarcerated. As Martin is currently incarcerated at the Federal Correctional Facility in Beaumont, Texas, his Petition is properly brought before the United States District Court for the Eastern District of Texas. While the Court will transfer Martin's motion to the proper jurisdiction, the Court would note that before initiating a § 2241 action, Martin was required to exhaust his administrative remedies, and it appears that he has failed to do so. Further, the Fifth Circuit has previously found that "§ 3621(e)(2)(B) gives the BOP broad discretion to determine which prisoners are eligible for early release and that the 'BOP did not abuse its discretion in promulgating 28 C.F.R. § 550.58,'" a regulation interpreting the statute. *Rublee v. Fleming*, 160 F.3d 213, 215 (5th Cir. 1998). Likewise, the Fifth Circuit has found that the Fifth Circuit has not exceeded its authority in promulgating 28 C.F.R. § 550.58(a)(1)(v), which disqualifies prisoners not eligible for community-based treatment from receiving early release under § 3621(e)(2)(B). *Id.* The Fifth Circuit has found that "[t]he Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of [the BOP's residential drug

treatment program]." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

Martin also contends that BOP's alleged failure to transfer him to a ccc in a timely manner constitutes a basis for a reduction in his term of supervised release under 18 U.S.C. § 3583(e)(1). Any motion for a reduction in Martin's term of supervised release is properly brought before this Court where Martin was sentenced. However, under § 3583(e)(1), Martin must complete at least one year of his term of supervised release before the Court can consider a motion to reduce his term. If Martin successfully completes one year of his term of supervised release, then the Court will consider all factors under 18 U.S.C. § 3553(a) prior to rendering a decision, including his efforts in the BOP's drug treatment program.

Accordingly,

IT IS ORDERED that Martin's motion, to the extent that it can be construed as a petition under 28 U.S.C. § 2241, is TRANSFERRED to the United States District Court for the Eastern District of Texas for further consideration.

IT IS FURTHER ORDERED that Martin's motion, to the extent that it can be construed as a motion for early termination of supervised released, is DENIED as not ripe. Martin may re-assert this motion once he has completed one year of supervised release.

MONROE, LOUISIANA, this 4 day of April, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE